IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE BANK OF NEW YORK MELLON TRUST COMPANY, National Association, as grantor trustee of the Protium Master Grantor Trust, | ) ) ) ) ) |
| Plaintiff, | ) 11 CV 6437 |
| v. | ) ) Judge Virginia M. Kendall |
| JACK RANGEL, PATRICIA RANGEL, | ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Bank of New York Mellon Trust Company, National Association, as grantor trustee of the Protium Master Grantor Trust (the "Bank of NY"), brought suit against Defendants Jack and Patricia Rangel (the "Defendants") to foreclose a Mortgage on the Defendants' residential property. The Defendants filed their Answer to the Bank's Complaint, in which they disputed the Bank's standing to foreclose. (Doc. 18). The Bank of NY then filed a Motion for Summary Judgment presently before the Court. (Doc. 21). For the following reasons, the Court grants the Bank of NY's Motion for Summary Judgment.

**I. MATERIAL UNDISPUTED FACTS**

On March 13, 2008, the Defendants received a loan from Equifirst Corporation of approximately $345,990 in exchange for a Note in favor of Equifirst.[1] (NY ¶¶1-15; Ex. 1). The

---

[1] The Defendants did not file any response to the Bank of NY's Local Rule 56.1 State of Facts; consequently all of the Bank of NY's facts are deemed admitted. *See* Local Rule 56.1(b)(3)(C); *accord Ammons v. Aramark Unif. Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004). The Bank of NY's Local Rule 56.1 Statement of Material Facts is referred to as "NY ¶ _." Pursuant to the Local Rules, the Defendants were permitted to respond with up to 40 assertions of additional facts that they contend requires the denial of summary judgment. *See* Local Rule 56.1(b)(3)(C); *accord Cichon v. Exelon Generation Co., L.L.C.*, 401 F.3d 803, 808-810 (7th Cir. 2005) (outlining the procedure for complying

Defendants agreed to make monthly payments to reimburse the principal plus interest at a yearly rate of 9.875% as an adjustable rate floor. (Ex. 1). The Note states that the Defendants "understand that the Lender may transfer this Note" and that the "Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" (Doc. 22-1, Ex. 1, p. 1). On March 24, 2008, Equifirst secured its interest in the Note with a Mortgage on the Defendants' property in Chicago, Illinois, which Equifirst's nominee Mortgage Election Registration System, Inc. ("MERS") filed with the Cook County Recorder. (NY ¶¶6-8; Ex. 2). The Mortgage secured to Equifirst "the repayment of the debt evidenced by the Note . . . and the performance of Borrower's covenants and agreements under this Security Instrument and the Note." (Ex. 2, p. 3).

On January 22, 2009, MERS, as nominee for Equifirst, executed a written assignment that "grants, assigns and transfers to Sutton Funding LLC all the rights, title and interest of [MERS] in and to that certain real estate mortgage dated 3/13/2008 executed by [the Defendants] to Equifirst Corporation." (NY ¶ 11; Doc. 22-3, Ex. 3). This first assignment was "[t]ogether with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Real Estate Mortgage." (Doc. 22-3, Ex. 3). In turn, on November 17, 2011, Sutton Funding LLC executed a written assignment that "assigns to [the Bank of NY] the mortgage executed by [the Defendants] and also transfers and endorses, to said assignee all obligations secured by said mortgage." (NY ¶12; Doc. 22-4, Ex. 4).

---

with Local Rule 56.1). The Defendants' Response presented four facts without specific citation to the record. Those four facts are cumulative rather than controversial by stating only the chronology of events. The Bank of NY did not reply to or controvert any of the four facts alleged by the Defendants, and therefore those facts are deemed admitted. *See Ammons*, 368 F.3d at 817. The Defendants' additional facts are referred to as "Def ¶ _."

On August 1, 2010, the Defendants failed to send their monthly payment and have failed to make any payments since that time. (NY ¶13). The Bank of NY brought the present foreclosure action on September 15, 2011, seeking a judgment of foreclosure of the Defendants' property pursuant to the Illinois Mortgage Foreclosure Law. *See* 735 ILCS 5/15-1504. The Bank of NY seeks an award for the principal balance plus accrued interest, foreclosure costs, late charges, advances, expenses and attorneys' fees, as permitted by the terms of the Mortgage. (Doc. 1). On February 14, 2011, the Defendants filed their Answer to the Bank's Complaint, in which they disputed the Bank's standing to foreclose by arguing that Complaint lacked an assignment of the Mortgage to the Bank of NY. (Def. ¶3; Doc. 18). As of November 14, 2011, there remains an outstanding principal balance of approximately $375,000, with interest accruing. (NY ¶14).

## II. STANDARD OF REVIEW

Federal courts exercising diversity jurisdiction apply state law to contract disputes and employ the choice-of-law principles used by the forum state. *See United States Textiles, Inc. v. Anheuser-Busch Cos.*, 911 F.2d 1261, 1269 (7th Cir. 1990). The parties do not dispute that the Mortgage contains a governing Illinois law provision, that the property in dispute is located in Illinois and that Illinois contract law applies. *See Belleville Toyota v. Toyota Motor Sales, U.S.A.*, 199 Ill. 2d 325 (2002) ("Generally, choice of law provisions will be honored."). Consequently this Court will apply Illinois law to this contract dispute. *See Auto-Owners Ins. Co. v. Webslov Computing, Inc.*, 580 F.3d 543, 547 (7th Cir. 2009).

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ.

P. 56(a). In determining whether a genuine issue of fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *Bennington v. Caterpillar Inc.*, 275 F.3d 654, 658 (7th Cir. 2001); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The Court, however, will "limit its analysis of the facts on summary judgment to evidence that is properly identified and supported in the parties' [Local Rule 56.1] statement." *Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000). Where a proposed statement of fact is supported by the record and not adequately rebutted, the court will accept that statement as true for purposes of summary judgment. An adequate rebuttal requires a citation to specific support in the record; an unsubstantiated denial is not adequate. *See Albiero v. City of Kankakee*, 246 F.3d 927, 933 (7th Cir. 2001); *Drake v. Minn. Mining & Mfg. Co.*, 134 F.3d 878, 887 (7th Cir. 1998) ("'Rule 56 demands something more specific than the bald assertion of the general truth of a particular matter[;] rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted.'").

Factual disputes "are genuine only if the evidence is such that a reasonable jury could return a verdict for the non-movant." *CAE, Inc. v. Clean Air Engineering, Inc.*, 267 F.3d 660, 676 (7th Cir. 2001) (quoting *Anderson*, 477 U.S. at 248) (citations omitted). The existence of a materially disputed issue of fact will be sufficient to avoid summary judgment only if the disputed fact is determinative of the outcome under the applicable law. *See Montgomery v. American Airlines, Inc.*, 626 F.3d 382, 389 (7th Cir. 2010). Contractual disputes are well suited to resolution by way of summary judgment because such disputes essentially involve only contract interpretation and thus liability often presents solely legal questions. *See Zemco Mfg., Inc. v. Navistar Intern. Transp. Corp.*, 270 F.3d 1117, 1123 (7th Cir. 2001); *Hickey v. A.E. Staley Mfg.*, 995 F.2d 1385, 1388 (7th Cir. 1993). The Court may

resolve a dispute on summary judgment where the parties do not dispute the facts that actually occurred, but merely dispute the legal significance of those facts. That the parties differ on the legal ramifications to be drawn from the undisputed facts in the record is not a bar to summary judgment.

**III. DISCUSSION**

The Defendants do not dispute that they were required to make monthly payments under the contractual terms of the Note, that they have failed to make any payments since July 2010, and that there remains an outstanding balance on their loan that continues to accrue interest. Nor do they dispute that the Bank of NY has possession of the Note or that the Note is authentic. The Defendants only argue that a genuine issue of material fact exists as to whether the Bank of NY is in fact the lender or the holder or has capacity to foreclose the Mortgage. To support their argument, the Defendants point to the Mortgage and Note naming Equifirst as the lender and Note holder and naming MERS as the mortgagee–and not naming the Bank of NY. The Defendants also argue that the Bank of NY failed to file with its Complaint either a supporting affidavit or deposition testimony to establish that the Bank of NY owns the Note. This is a factual issue, they argue, that indicates the Bank of NY's lack of standing to bring the foreclosure action, which would preclude summary judgment.

The Bank of NY argues that its possession of the Note, albeit unendorsed, is sufficient to confer standing to foreclose on the Note, citing century-old Illinois law. *See Martin v. Martin*, 174 Ill. 371, 374 (1898) ("The right to the possession and full beneficial interest in an unendorsed negotiable paper may pass by manual delivery of the paper, and in the absence of testimony tending to disprove that the notes were delivered the presumption will obtain that one in the possession of such paper came rightfully into possession.").

In general, under Illinois law, a negotiable instrument like a note may be enforced by either (1) the holder of the instrument, or (2) a non-holder in possession of the instrument who has the rights of a holder. *See* 810 ILCS 5/3-301. To qualify as a "holder," one must receive the note through "negotiation" from the original issuer. *See* 810 ILCS 5/3-201(a). Where, as here, a note is payable to the order of a specific individual or entity, negotiation requires both the transfer of possession and the endorsement of the note by the named entity. *See* 810 ILCS 5/3-201(b). The Note that the Bank of NY has in its possession is not endorsed to a named entity nor is it endorsed in blank. When the Bank of NY filed its initial Complaint, it attached the second assignment of the Mortgage from Sutton Funding LLC to the Bank of NY but did not attached the first assignment of the Mortgage from Equifirst to Sutton Funding LLC. Therefore, at the time of filing its Complaint, the Bank of NY had not presented evidence that it was the legal holder of the Note. However, "a non-holder in possession of the instrument who has the rights of a holder" may also enforce the Note. 810 ILCS 5/3-301(ii); *see Cogswell v. CitiFinancial Mortg. Co., Inc.*, 624 F.3d 395, 404 (7th Cir. 2010) (citing *Locks v. N. Towne Nat'l Bank of Rockford*, 115 Ill.App.3d 729 (1983)). The Bank of NY can qualify as a non-holder in possession if "under applicable law [it] is a successor to the holder or otherwise [acquired] the holder's rights." 810 ILCS 5/3-301 Official Comment. Furthermore, Illinois law defines "mortgagee" more broadly than just the holder of a note of indebtedness to include "any person designated or authorized to act on behalf of such holder." 735 ILCS 5/15-1208; *accord Mortgage Electronic Registration Systems, Inc. v. Barnes*, 406 Ill. App. 3d 1, 7(1st Dist. 2010). In *Barnes*, the Illinois Appellate Court held that the plaintiff, MERS, had standing to bring its foreclosure action against the defendants, even though MERS did not own the note at issue, because the mortgage identified MERS as the mortgagee and provided that it was acting as the

6

nominee for the lender and had the authority to foreclose and sell the property. 406 Ill. App. 3d at 7-8. In effect, Illinois law permits a plaintiff to bring a foreclosure action even if it does not own the note at issue but can prove that it acquired the holder's rights to repayment as the mortgagee. *See Id.* at 7 (citing *Stalzer v. Blue*, 312 Ill. App. 563 (1942)); *see also Deutsche Bank Nat'l Trust Co. v. Khan*, 2012 Ill. App. Unpub. LEXIS 145 at *9 (1st Dist. 2012) (where district court found plaintiff bank lacked standing due to the unendorsed note, appellate court reversed summary judgment for defendants because plaintiff bank's assignment of the mortgage was executed prior to the filing of the original complaint).

As explained above, the Note names Equifirst as the legal holder of the Defendants' indebtedness. The Note states that the Defendants "understand that the Lender may transfer this Note" and that the "Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" (Doc. 22-1, Ex. 1, p. 1). The Defendants do not argue that these contract terms are ambiguous in any way. To secure the payments under this Note, the Defendant's Mortgage names MERS as the nominee for Equifirst and grants to MERS the right to foreclose and sell the Defendant's property. (Ex. 3, p.3). Therefore, by the contractual terms of the Mortgage, the Defendants agreed that if they defaulted on their obligations under the Note and Mortgage, MERS and its assigns had the right to foreclose on their property. *See Barnes*, 406 Ill. App. 3d at 7. MERS, as nominee for Equifirst, subsequently effectuated an assignment of the Mortgage to Sutton Funding LLC "[t]ogether with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Real Estate Mortgage." (Doc. 22-3, Ex. 3). By its terms, then, Sutton Funding LLC acquired the rights of the holder of the Note to foreclose and sell the Defendants' property. The Defendants do

7

not challenge the validity of this first assignment. Likewise, Sutton Funding LLC assigned to the Bank of NY "all obligations secured by [the Defendants'] mortgage." (Doc. 22-4, Ex. 4). The Defendants do not challenge the validity of this second assignment to the Bank of NY.

The relevant terms of the Mortgage in this case are identical to those in *Barnes* where the mortgage provides that MERS was the mortgagee and was acting as the nominee for the lender and that the defendants understood and agreed that MERS had the right to foreclose and sell the property at issue. 406 Ill. App. 3d at 7-8. There, MERS had the right bring a foreclosure action against the defendants even though the Note was owned by a lending bank. Similarly, in this case, the Defendants understood and agreed that MERS and its assigns had the right to bring a foreclosure action regardless of the identity of the lending bank–whether the lender was Equifirst, or a successor bank to Equifirst. Furthermore, the Defendants understood and agreed that the lending bank could transfer the Note and that anyone entitled to received payments on the Note would be called the "Note Holder." Although the second assignment of the Mortgage was not included with the Bank of NY's Complaint, both assignments were executed prior to the date of filing and relate that the Bank of NY acquired the right to foreclose prior to that date. The Defendants do not challenge the authenticity or the validity of the assignments of the Mortgage. Nor do the Defendants challenge the admissibility or the accuracy of the affidavit from the mortgage loan servicing company, in which an authorized agent attests to the Bank of NY's possession and ownership of the Defendants' Note and Mortgage. (Doc. 22-5, Ex. 5, p. 1). The undisputed facts before the Court indicate that the Bank of NY acquired the rights under the Defendant's Mortgage to foreclose and sell the property at issue in satisfaction of the Defendants' Note. Because the Bank of NY has acquired the right to foreclose on the Defendants' property through its assignment of the Mortgage, and the Defendants do not

dispute that the Bank of NY possesses the unendorsed Note, these factual circumstances suffice for the Court to find that, as a matter of law, the Bank of NY has standing to enforce the Note as a non-holder in possession. *See Resolution Trust Corp. v. Hardisty*, 269 Ill. App. 3d 613, 616 (1995) ("A mortgage foreclosure is an equitable action commenced in order to enforce the lien placed on the mortgaged property . . . Its purpose is to enforce the payment of the mortgagor's debt."); *accord Deutsche Bank National Trust Company v. Khan*, No. 1-11-1639, 2012 Ill. App. Unpub. LEXIS 145, at *8 (1st Dist. January 25, 2012).

The Defendants have not presented any facts or arguments to refute that they are default of the repayment of their loan and that the non-holder in possession of their Note with the rights granted by the Mortgage may foreclose upon their property in accordance with the terms of the Note and the Mortgage. The Defendants do not dispute or refute the calculations of the outstanding sums due on their loan. (Doc. 22-5, Ex. 5, p. 2). There is no genuine issue as to any material fact and consequently the Bank of NY is entitled to summary judgment.

## IV. CONCLUSION

For the reasons stated above, the Court grants the Bank of NY's Motion for Summary Judgment.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: September 14, 2012